MEMORANDUM **
Patrick Funderburk, a Nevada state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from his confinement in administrative segregation and an altercation with his cellmate. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm.
The district court properly dismissed Funderburk’s due process claim because he did not show that he had a protected liberty interest in being free from confinement in administrative segregation. See Resnick v. Hayes, 213 F.3d 443, 447-48 (9th Cir.2000) (dismissing due process claim where the plaintiff failed to allege any material difference between the conditions in administrative segregation and the conditions in the general population).
The district court properly dismissed Funderburk’s Eighth Amendment claim because his allegations were insufficient to state a claim for failure to protect. See Farmer v. Brennan, 511 U.S. 825, 835-39, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (explaining that a prison official is not liable for failing to protect one inmate from another unless the prisoner shows that he was housed under conditions that posed a substantial risk of serious harm, and that the prison official acted with deliberate indifference to the prisoner’s safety).
The district court properly dismissed Funderburk’s claims against the warden defendants to the extent they were based on respondeat superior liability. See Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir.1993) (explaining that there is no respondeat superior liability under § 1983).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid *175 ed by 9th Cir. R. 36-3.